STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
May 7, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JESUS MUNOZ,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0684**  (BOR Appeal No. 2049201)
(Claim No. 2012033616)

**MINING CONTROLS, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jesus Munoz, by William B. Gerwig III, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Mining Controls, LLC, by T. Jonathan Cook, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 7, 2014, in which the Board affirmed a February 12, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 7, 2013, decision granting Mr. Munoz a 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Munoz injured his lower back on July 26, 2011, and April 3, 2012. Both injuries occurred when Mr. Munoz bent over to pick up an object on the ground. Although the claims administrator's decisions holding the claims compensable are not contained in the evidentiary record, it appears that the only compensable diagnosis is a lumbar sprain. On August 3, 2012, Syed Zahir, M.D., evaluated Mr. Munoz and opined that he required further treatment amid complaints of radiating lower back pain, including a repeat MRI and neurosurgical evaluation. He recommended that Mr. Munoz be re-evaluated in four to six months. On January 16, 2013,

1

Prasadarao Mukkamala, M.D., performed an independent medical evaluation. He determined that Mr. Munoz had reached maximum medical improvement with respect to the compensable injuries. Dr. Mukkamala opined that Mr. Munoz sustained 1% whole person impairment as a result of range of motion abnormalities in the lumbar spine. He then determined that Mr. Munoz should be placed in Lumbar Category I of West Virginia Code of State Rules § 85-20-Table C (2006), with an impairment rating of 0%, and therefore concluded that Mr. Munoz sustained 0% whole person impairment as a result of his compensable injuries. Based upon Dr. Mukkamala's evaluation, the claims administrator granted Mr. Munoz a 0% permanent partial disability award.

In its Order affirming the February 7, 2013, claims administrator's decision, the Office of Judges held that Mr. Munoz failed to demonstrate that the claims administrator erred in granting him a 0% permanent partial disability award. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated July 7, 2014. On appeal to this Court Mr. Munoz argues that based upon the evidence of record, the Board of Review, Office of Judges, and claims administrator erred in failing to enter a finding placing him in Lumbar Category II of West Virginia Code of State Rules § 85-20-Table C and thereby granting him a 5% permanent partial disability award.

Regarding Mr. Munoz's argument that the Board of Review, Office of Judges, and claims administrator should have placed him in Lumbar Category II of West Virginia Code of State Rules § 85-20-Table C, rather than Lumbar Category I of West Virginia Code of State Rules § 85-20-Table C as recommended by Dr. Mukkamala, West Virginia Code of State Rules § 85-20-64.2 (2006) provides:

> The range of motion methodology for assessing permanent impairment shall be used. However, a single injury or cumulative injuries that lead to a permanent impairment to the Lumbar Spine area of one's person shall cause an injured worker to be eligible to receive a permanent partial disability award within the ranges identified in West Virginia Code of State Rules § 85-20-Table C. The rating physician must identify the appropriate impairment category and then assign an impairment within the appropriate range designated for that category.

Dr. Mukkamala, as the only physician of record to perform an independent medical evaluation and provide a permanent impairment rating, identified Lumbar Category I of West Virginia Code of State Rules § 85-20-Table C as the appropriate impairment category, and Mr. Munoz received an impairment award consistent with Dr. Mukkamala's findings. As was noted by the Office of Judges, Mr. Munoz did not submit any medical evidence refuting Dr. Mukkamala's recommendation.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:**  **May 7, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II